IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WENDELL BROCK BENNINGS                                                                    PLAINTIFF

v.                                            Civil No. 6:23-CV-06028-SOH-BAB

CHIEF DEPUTY STEVEN ELROD,                                                               DEFENDANTS
CAPTAIN JOEL WARE,
CAPTAIN BELINDA COSGROVE,
LIEUTENANT CHRIS MCFEE,
LIEUTENANT AARON MANN,
CORPORAL JIMMY CALDWELL,
CORPORAL ANDREW WELLS,
CORPORAL DAVID WILLCUTT,
SERGEANT ROBERT HUFFMAN,
SERGEANT NATHAN BURGETT,
HOUSING DEPUTY WILLIAM COUTCH ,
JOHN DOE 1-15,
LIEUTENANT BRAINSTETTER,
DEPUTY MASON,
PATRICIA SOWELL,
SGT. KOREEN GATES,
ROBIN WHITE,
DEPUTY DUNN,
NURSE CHRISTINE WATSON
MIKE McCORMICK (formerly known as
John Doe)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's repeated failure to Obey Court Orders and failure to prosecute this case.

## I. BACKGROUND

Plaintiff filed his Complaint and a Motion for A Temporary Restraining Order on March 13, 2023. (ECF Nos. 1, 8). Plaintiff is incarcerated in the Garland County Detention Center ("GCDC"). On March 15, 2023, the Court entered an Order directing Plaintiff to file an Amended Complaint to address deficiencies in his Complaint by April 5, 2023. (ECF No. 9). When Plaintiff failed to do so, the Court entered a Show Cause Order on April 17, 2023, directing Plaintiff to file a Response by May 8, 2023. (ECF No. 10). Plaintiff submitted an untimely Amended Complaint on April 24, 2023. (ECF No. 12). He submitted a document docketed as a Show Cause Response on May 4, 2023. (ECF No. 13). The document, however, was labelled as an "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order." The document is a proposed draft of an Order directing Defendants to appear for an in-person hearing at the Western District Court to address Plaintiff's Motion for Preliminary Injunction. (*Id*.). Nothing in this proposed draft Order addresses Plaintiff's failure to timely submit an Amended Complaint.

After the submission several deficient *in forma pauperis* ("IFP") applications and the entry of a Show Cause Order (ECF Nos. 5, 11, 14, 16), Plaintiff submitted a completed IFP application and was granted IFP status on June 8, 2023. (ECF Nos. 17, 18). Plaintiff filed a Motion to Amend on June 20, 2023, which was denied because it was not filed in compliance with the Local Rules of Civil Procedure. (ECF Nos. 20, 21). Plaintiff then filed two Motions for Leave to File An Amended Complaint. (ECF Nos. 22, 25). Neither of these Motions were filed in compliance with the Local Rules of Civil Procedure. Because they identified the names of Doe Defendants, however, the motions were granted and the named Defendants were added to the case docket. (ECF Nos. 23, 26).

On July 25, 2023, the Court entered an Order noting that Plaintiff's numerous allegations in his Amended Complaint were factually and legally unrelated, and thus, unsuited for joinder in

a single lawsuit. (ECF No. 27). Plaintiff was given the opportunity to remedy this by filing a Second Amended Complaint and was advised that the undersigned would screen his first properly joined claim and summarily dismiss all other improperly joined claims. (*Id*. at 2). The deadline for Plaintiff to file his Second Amended Complaint was August 24, 2023. (*Id*.).

On August 9, 2023, Plaintiff submitted a timely Motion for Extension of Time to File his Second Amended Complaint. (ECF No. 28). This Motion was granted, and Plaintiff was given until September 7, 2023. (ECF No. 29). When Plaintiff failed to submit his Amended Complaint after the extension, the Court entered a Show Cause Order on September 11, 2023. (ECF No. 30). Plaintiff was directed to file his Response by October 2, 2023. (*Id*.). Instead of filing a Response, Plaintiff filed a Motion to Appoint Counsel on October 10, 2023. (ECF No. 31). This was denied on October 11, 2023. (ECF No. 32). Plaintiff also filed an untimely Motion for Extension of Time to file his Response on October 11, 2023. (ECF No. 33). As grounds, he stated that there had been mail tampering and a "fairly new" legal mail system had been implemented, and GCDC staff did not know how to pass out legal mail. (*Id*.). This Motion was granted, and Plaintiff was given until October 26, 2023, to file his Response to the Show Cause Order. (ECF No. 34).

On October 26, 2023, Plaintiff filed a Motion to Amend, stating he wished to add three Defendants to the case: Brian Nobles, Stephen Mars, and Civilian Clerk B. Todd as Defendants to this case. This Motion was denied as futile because Plaintiff had failed to either name or allege any facts concerning these three Defendants in the Proposed Amended Complaint attached to the Motion.[1] (ECF No.43). On November 17, 2023, Plaintiff filed an untimely Show Cause Response, a Motion to Appoint Counsel, and a Motion for Updates. (ECF Nos. 36, 37, 38). For

---

[1] Review of the Proposed Amended Complaint also indicates that one of Plaintiff's claims is a duplicate of that raised in *Bennings v. Elrod*, Case No. 23-cv-06084-SOH, and the remaining non-duplicate claims would be unlikely to survive pre-service screening.

3

his Response, Plaintiff alleges his mail is being delayed or completely denied by GCDC staff, but provides no specific details concerning the alleged issue. (ECF No. 36). The Motion for Counsel was denied that same day. (ECF No. 39). The Motion for Copies was granted, and all documents filed since October 8, 2023, were sent to Plaintiff. To date, Plaintiff has failed to submit a Second Amended Complaint in compliance with the Court's Order and the Federal and Local Rules of Civil Procedure.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to comply with four Court Orders concerning the filing of an Amended Complaint. Although given several opportunities over a period of 9 months to do so, he has failed

to file an Amended Complaint which is compliant with the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules of Civil Procedure. Plaintiff persistently refuses to follow either Court Orders or the Federal and Local Rules of Civil Procedure, despite frequent explanation of deficiencies and grants of extension from the Court. Plaintiff alleges that GCDC staff is delaying or denying him his legal mail but provides little detail to support this allegation. The Court also notes that he was able to file a timely Motion for Extension in Response to the Court Order directing him to file his Second Amended Complaint, as well as timely responses to other Orders. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 12) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **1st day of December 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE